UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REBECCA L. STEVENS-GREEN,

    Plaintiff,

vs.

CLASSIC AUTO RESTORATION
SPECIALIST, INC., a Florida Corporation
and MIKE CASE, Individually,

    Defendants.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, REBECCA L. STEVENS-GREEN ("Green" or "Plaintiff"), sues Defendants, CLASSIC AUTO RESTORATION SPECIALIST, INC. ("CARS") and MIKE CASE ("Case") (collectively "Defendants") and states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action against Defendants, her former employer, for failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

3. Defendants are subject to the personal jurisdiction of the United States District Court because they engage in substantial and not isolated activity within this judicial district. Defendants are also subject to the personal jurisdiction of the United

States District Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida. Specifically, Defendant CARS' principal place of business is located at 7570 N. Tamiami Trail, Suite 2, North Fort Myers, FL 33903.

## FLSA COVERAGE

4. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

5. At all times material, Defendants had a gross sales volume of at least $500,000 annually.

6. At all times material, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

7. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of CARS; (b) determine the work schedules for the employees of CARS; and (c) control the finances and operations of CARS, Defendant Case, is an employer as defined by 29 U.S.C. §201 *et. seq*.

8. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

9. At all times material to this action, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that:

   a. The products and materials that Plaintiff used on a constant and continual

       basis, which were supplied to her by her employer to use on the job, moved through interstate commerce; and

   b. Plaintiff regularly placed and received calls to and from out-of-state clients, prospective clients, subcontractors, suppliers, as well as purchased parts and supplies to further Defendant's business purposes, and used the internet and Defendant's computer system to perform her job duties.

11. At all times material hereto, the work performed by the Plaintiff was essential to the business performed by Defendants.

## VENUE

12. Venue is proper in the United States District Court for the Middle District of Florida based upon the following reasons:

   a. The unlawful pay practices alleged herein occurred in North Fort Myers, Florida, in the Middle District of Florida.

   b. At all times material hereto, Defendant CARS was and continues to be a Florida Corporation registered with the Florida Department of Corporations, with a Florida Registered Agent and a license to do business within this judicial district.

   c. Defendants employed Plaintiff in the Middle District of Florida.

## PARTIES

13. At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

14. Defendant CARS was, and continues to be, a Florida Corporation,

engaged in the transaction of business in Lee County, Florida, with its principal place of business located in North Fort Myers, Florida.

15. Upon information and belief, at all times material to this action, Defendant Case was, and continues to be, a resident of Lee County, Florida.

**COUNT I**
**VIOLATION OF 29 U.S.C. § 207**
**(UNPAID OVERTIME)**

16. Plaintiff realleges Paragraphs 1 through 15 as if fully stated herein.

17. At all times material hereto, Defendants engaged in the business of repairing and restoring vehicles, including custom restoration of classic vehicles.

18. Defendants hired Plaintiff in or around January 2018. Plaintiff was employed in the position of "office manager".

19. Plaintiff's employment with Defendants ended on or around June 20, 2019.

20. Plaintiff was paid on an hourly basis and not treated as exempt from overtime.

21. Pursuant to the FLSA, Plaintiff was entitled to be paid at the rate of time and one-half her regular hourly rate for all hours worked in excess of 40 in a workweek.

22. For one or more workweeks, Plaintiff worked hours in excess of forty (40) without being compensated at the statutory overtime rate.

23. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by Defendants' failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week

when Defendants knew or should have known such was due. Thus, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

24. As a direct and proximate result of Defendants violation of the FLSA overtime provisions, Plaintiff is entitled to damages in the form of unpaid overtime plus an equal amount and statutory liquidated damages.

25. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff respectfully requests that judgement be entered in her favor against Defendants:

   a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

   b. Awarding Plaintiff overtime compensation in amounts according to proof;

   c. Awarding Plaintiff liquidated damages in an equal amount to unpaid overtime;

   d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding Plaintiff post judgement interest; and

   f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: November 27, 2019

                        Respectfully submitted,

                        /s/  Jason L. Gunter
                        Jason L. Gunter, Esq.
                        Florida Bar No.: 0134694
                        jason@gunterfirm.com
                        Conor P. Foley, Esq.
                        Florida Bar No. 111977
                        conor@gunterfirm.com
                        **GUNTERFIRM**
                        1514 Broadway, Ste. 101
                        Ft. Myers, FL 33901
                        Telephone: (239) 334-7017
                        Facsimile: (239) 236-8008